UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY COBB, | Civil No.11CV818-IEG(JMA) |
| Petitioner, | **REPORT AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS [DOC. NO. 14]** |
| v. | |
| RICK HILL, Warden, | |
| Respondent. | |

Petitioner Jerry Cobb, a state prisoner proceeding pro se and currently incarcerated at Folsom State Prison, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.][1] After his initial Petition was dismissed for failure to satisfy the filing fee requirement and for failure to name a proper respondent, Cobb filed a First Amended Petition and Motion to Proceed in Forma Pauperis. [Doc. No. 8 & 9.] His motion was granted and his First Amended Petition, which is the operative petition, was accepted for filing. [Doc. No. 11.]

On July 8, 2011, Respondents filed a Motion to Dismiss the First Amended Petition, contending Cobb's claims are untimely and time-barred by the statute of limitations, pursuant to 28 U.S.C. § 2244(d). [Doc. No. 14.] Cobb, whose opposition to the motion was due to be filed by August 10, 2011, has not responded to the motion. [See Doc. No. 12.] The motion

---

[1] The initial Petition was filed before the U.S. District Court in the Central District of California and subsequently transferred to this District because Cobb is challenging a conviction and sentence that were imposed by the San Diego County Superior Court. [Doc. No. 3.]

1

has been referred by the Hon. Irma E. Gonzalez to the undersigned for a report and recommendation.

**I.     INTRODUCTION & PROCEDURAL BACKGROUND**

Cobb was convicted by jury of second degree murder (Cal. Pen. Code § 187(a)), attempted murder (Cal. Pen. Code §§ 664, 187(a)), and assault with a semi-automatic firearm (Cal. Pen. Code § 245(b)). The jury also found that Cobb personally used a firearm in the commission of each offense (Cal. Pen. Code § 12022.5(a)). He was sentenced on April 4, 1995 to fifteen years to life in state prison on the murder conviction and a four year term was added for the firearm use finding. Concurrent terms were imposed on the remaining convictions and findings. [Doc. No. 8, p. 2; Lodgment No. 1, Cal. Ct. of App. Op., Case No. D023435, p. 1; Lodgment No. 2, San Diego Cnty. Super. Ct. Abstract of Judgment, Case No. SCD106058.]

Cobb appealed, arguing the trial court erred by 1) refusing a jury instruction on antecedent events; 2) denying a request for discovery of a police report; and 3) instructing the jury on reasonable doubt pursuant to CALJIC No. 2.90. [Doc. No. 8, p. 2; Lodgment No. 1.] On July 31, 1996, the California Court of Appeal issued an opinion affirming the judgment. [Id.] Cobb did not file a petition for review before the California Supreme Court or a petition for writ of certiorari in the United States Supreme Court. [Doc. No. 8, pp. 2 – 3.]

On April 15, 1998, Cobb filed a petition for writ of habeas corpus before the San Diego County Superior Court, raising the same three arguments of trial court error and also arguing there was an error in the abstract of judgment. [See Lodgment No. 3, San Diego Cnty. Super. Ct. Op., Case No. HC15413 (2nd Petition); SCD106058, Appendix C.] The Superior Court ordered the abstract of judgment be corrected, but otherwise denied the petition on May 11, 1998. [Id., Appendix B.] Cobb filed a habeas petition with the California Court of Appeal on June 19, 1998, asserting again his arguments regarding trial errors, and also arguing insufficiency of the evidence and ineffective assistance of trial and appellate counsel. [Lodgment No. 4, Pet., Cal. Ct. of App. Case No. D031281.] This petition was denied on July 14, 1998. [Id., Cal. Ct. of App. Op., Case No. D031281.]

Cobb filed a second petition for writ of corpus before the San Diego Superior Court on January 6, 2005, this time arguing his due process rights were violated when the trial court failed to distinguish between substantive offense probation eligibility and enhancement ineligibility, and raising two counts of ineffective assistance of trial counsel.  [Lodgment No. 3.] His second petition was denied on March 2, 2005.  [Id.]

On January 28, 2010, Cobb filed a petition for writ of habeas corpus before the Riverside County Superior Court, arguing: 1) Cal. Penal Code § 1168 eliminates judicial discretion during the sentencing phase and violates the Separation of Powers Doctrine; and 2) Cal. Penal Code § 1168 violates the Due Process and Equal Protection Clauses of the U.S. Constitution.  [Lodgment No. 5, Pet., Riverside Super. Ct. Case No. RIC10001224.]  The petition was denied on February 10, 2010.  [Id., Riverside Cnty. Super. Ct. Op., Case No. RIC10001224.]   These arguments were raised to the California Court of Appeal on June 2, 2010, and were denied by that Court on June 11, 2010.  [Lodgment No. 6, Pet. & Cal. Ct. of App. Op., Case No. E050974.]  Then Cobb raised the same claims to the California Supreme Court in a habeas petition that was filed on July 6, 2010; that petition was denied on February 16, 2011.  [Lodgment No. 7, Pet. & Cal. Sup. Ct. Register of Actions, Case No. S184171; See also, Doc. No. 1, Ex. D., Cal. Sup. Ct. Op., Case No. S184171.]  Cobb next sought habeas relief for these two claims in federal court, constructively filing his federal Petition on March 20, 2011.[2]  [Doc. No. 1.]

## II.     THE PETITION IS TIME-BARRED UNDER THE AEDPA STATUTE OF LIMITATIONS

Cobb's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which places a one-year statute of limitations on the filing of petitions for writs of habeas corpus.  28 U.S.C. § 2244(d).  Section 2244(d) states, in pertinent part:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

---

[2] Pursuant to the "mailbox rule," a prisoner's federal habeas filings are constructively filed when they are turned over to prison officials for forwarding to the court.   Petitioner signed the Petition on March 20, 2011, which the Court accepts as the constructive filing date.

3

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d).

  Here, the statute of limitations period began to run from the date Cobb's judgment of conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Cobb's conviction became final on September 9, 1996 -- 40 days after the Court of Appeal filed its opinion. Cal.R.Ct. 8.264(b)(1), 8.500(e)(1); Hemmerle v. Arizona, 495 F.3d 1069, 1073-74 (9th Cir. 2007). Absent tolling, the one-year statute of limitations period would have expired on September 9, 1997. Cobb did not constructively file his Petition until March 20, 2011, over thirteen and a half years after the expiration of the statute of limitations.

  **A.** **Statutory Tolling**

  A petitioner may be entitled to statutory tolling for the period of time he diligently sought post-conviction relief in state court. 28 U.S.C. § 2244(d)(2); Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008) ("AEDPA tolls the one-year limitations period while a 'properly filed application' for postconviction review is pending in state court.") State collateral review only tolls the one-year period; it does not delay its commencement. See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003).

  Here, however, Cobb did not begin to seek collateral relief until he filed his first state habeas petition on April 15, 1998, over seven months after the statute of limitations expired.

4

Once the statute has run, the filing of a state habeas petition cannot revive it.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Accordingly, none of Cobb's collateral filings had any effect on the AEDPA statute of limitations, because the limitations period had already expired before these proceedings were initiated

### B.  Equitable Tolling

The AEDPA's statute of limitations can also be subject to equitable tolling when the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Harris, 515 F.3d at 1054-55.  A petitioner bears the burden of showing that equitable tolling is appropriate and must establish that extraordinary circumstances caused the delay in filing the federal petition.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Here, Cobb did not request equitable tolling and has failed to demonstrate that he pursued his rights diligently or that some extraordinary circumstance delayed him from timely filing his petition.  Thus, he has failed to demonstrate that equitable tolling should apply to extend the statute of limitations in this case.

### III.  CONCLUSION AND RECOMMENDATION

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Cobb did not timely file his Petition under the AEDPA.  Therefore, this Court hereby recommends that Respondent's Motion to Dismiss the Petition be **GRANTED**, the Petition be **DISMISSED WITH PREJUDICE**, and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Irma E. Gonzalez, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that not later than **September 23, 2011**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those

objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  September 7, 2011

Jan M. Adler
U.S. Magistrate Judge