# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY COBB,<br><br>                   Petitioner,<br><br>vs.<br><br>RICK HILL, Warden<br><br>                   Respondent. | CASE NO. 11-cv-818 – IEG (JMA)<br><br>ORDER:<br><br>(1) GRANTING IN PART MOTION FOR RECONSIDERATION, [Doc. No. 17];<br><br>(2) ADOPTING REPORT AND RECOMMENDATION, [Doc. No. 15];<br><br>(3) GRANTING MOTION TO DISMISS, [Doc. No. 14]; and<br><br>(4) DENYING and DISMISSING PETITION FOR HABEAS CORPUS. |

     Currently before the Court is Jerry Cobb ("Petitioner")'s First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 8.] Petitioner was convicted by jury of second degree murder, attempted murder, and assault with a semi-automatic firearm. He was sentenced to fifteen years to life on the murder conviction and a four year term was added for the personal use of a firearm. Petitioner argues that Section 1168 of the California Penal Code, which was used to sentence him to an indeterminate term, violates the Separation of Powers Doctrine because it eliminates judicial discretion during sentencing. He also argues that § 1168 violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

Respondent filed a Motion to Dismiss, asserting that the First Amended Petition was barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), and lodged the relevant portions of the state record. [Doc. No. 14.] The Court referred the matter to Magistrate Judge Jan M. Adler, who issued a Report and Recommendation ("R&R") recommending the Court grant the Motion to Dismiss and dismiss with prejudice the First Amended Petition. [Doc. No. 15.] Petitioner subsequently filed his objections to the R&R and a Motion for Reconsideration. [Doc. Nos. 16, 17, 18.]

Having considered the R&R as well as Petitioner's objections and Motion for Reconsideration, the Court hereby: (1) **GRANTS IN PART** Petitioner's Motion for Reconsideration; (2) **ADOPTS** the R&R; (3) **GRANTS** Respondent's Motion to Dismiss; and (4) **DENIES and DISMISSES WITH PREJUDICE** the First Amended Petition.

## BACKGROUND

The Court adopts the Magistrate Judge's factual and procedural background as it relates to Petitioner's state court proceedings. (*See* R&R, at 1-2.)

Petitioner filed his First Amended Petition on May 11, 2011. [Doc. No. 8.] The Court subsequently granted Petitioner leave to proceed *in forma pauperis* but denied without prejudice his request for appointment of counsel. [Doc. Nos. 11, 13.] On July 8, 2011, Respondent filed his Motion to Dismiss. [Doc. No. 14.] Petitioner did not file an opposition to the Motion to Dismiss. On September 7, 2011, the Magistrate Judge issued the R&R recommending that the Court grant the Motion to Dismiss and dismiss with prejudice the First Amended Petition. [Doc. No. 15.]

On September 21, 2011, Petitioner constructively filed his objections to the R&R and a Motion for Reconsideration.[1] [Doc. Nos. 16, 17.] In his Motion for Reconsideration, Petitioner asserts that on July 24, 2011, he timely filed his Opposition to Motion to Dismiss by personally giving it to the on-duty correctional officer responsible for legal mail at the prison. (Motion for Reconsideration, at 2 [Doc. No. 17].) Petitioner asserts that he does not know why his opposition was never received by the Court. He attaches a copy of his Opposition to Motion to Dismiss to his

---

[1] Pursuant to the "mailbox rule," federal habeas filings by prisoners are constructively filed when they are turned over to prison officials for forwarding to the court.

Motion for Reconsideration, [*see* Doc. No. 18], and asserts that it is an "exact replica" to the one that he filed on July 24, 2011. (Motion for Reconsideration, at 4.)

### DISCUSSION

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### I. Report and Recommendation

The Magistrate Judge determined that the First Amended Petition was time-barred under the AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The statute of limitations began to run from the date Petitioner's judgment of conviction became final. *See id.* § 2244(d)(1)(A). In this case, that was September 9, 1996—when Petitioner's time for seeking review by the California Supreme Court expired. *See* Cal. R. Ct. 8.264(b)(1), 8.500; *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007).

Because Petitioner did not begin to seek collateral relief until he filed his first state habeas petition on April 15, 1998, the Magistrate Judge determined that statutory tolling provided by 28 U.S.C. § 2244(d)(2) did not apply. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (concluding that the one-year limitations period for filing federal habeas petition could not be tolled by state habeas petitions, where initial state petition was not filed until after the limitations period for filing the federal petition had expired); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same). The Magistrate Judge also determined that Petitioner failed to demonstrate that he was entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (noting that to be entitled to equitable tolling, a litigant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *Harris v. Carter*, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008) (applying equitable tolling to 28 U.S.C. § 2244(d)).

### II. Petitioner's Motion for Reconsideration and his objections to the R&R

Having considered Petitioner's Motion for Reconsideration, the Court finds that GOOD CAUSE exists for accepting and considering Petitioner's Opposition to Motion to Dismiss.

However, because Petitioner's Opposition to Motion to Dismiss and his objections to the R&R are based on the same ground, [*see* Doc. Nos. 16, 18], the Court considers them jointly. In both his opposition and his objections, Petitioner contends that California has clearly established laws providing that challenges to the validity of statutes can be raised at any time. Thus, under California law, the constitutionality of legislation which serves as a basis for conviction may always be attacked on habeas corpus. According to Petitioner, the same standard applies to federal habeas petitions, and therefore his challenge to the constitutionality of § 1168 is not time-barred.

### III.     Analysis

Petitioner correctly asserts that, under California law, "[c]hallenges to the validity of the statute under which the petitioner was convicted . . . may be raised at any time." *In re Clark*, 5 Cal. 4th 750, 765 n.4 (1993); *accord People v. Blacksher*, 52 Cal. 4th 769, 847 n.40 (2011). Thus, "the constitutionality of legislation is always open to challenge on habeas corpus." *In re King*, 3 Cal. 3d 226, 229 n.2 (1970); *see also Journigan v. Duffy*, 552 F.2d 283, 286 (9th Cir. 1977) ("Under California law, the constitutionality of legislation which serves as the basis for the conviction may always be attacked on habeas corpus."). Petitioner, however, fails to provide any support for his contention that a similar rule applies to federal habeas petitions.

On the contrary, petitions for federal writ of habeas corpus are governed by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The Ninth Circuit has concluded that § 2244(d)(1)'s one-year limitation period "applies to *all* petitions filed by persons in custody pursuant to the judgment of a state court." *Shelby v. Bartlett*, 391 F.3d 1061, 1064 (9th Cir. 2004) (emphasis added). In this case, because Petitioner is "in custody pursuant to the judgment of a State court," *see* 28 U.S.C. § 2244(d)(1), he must comply with AEDPA's one-year limitation period, regardless of the nature of his federal habeas petition and regardless of what California law might provide. *See Shelby*, 391 F.3d at 1064; *see also Perez v. Warden*, No. CV 09-01747-VAP (VBK), 2010 WL 114476, at *2 (C.D. Cal. Jan. 4, 2010) ("Petitioner appears to argue that his claims are not subject to the federal requirement that he exhaust his available state judicial remedies because he is challenging the

validity of a statute. Petitioner cites to California Supreme Court authority to support his argument. However, since *federal* law requires that petitioner exhaust his available state judicial remedies, 28 U.S.C. § 2254(b), petitioner's argument is without merit." (internal citations omitted)).

Accordingly, the Court rejects Petitioner's assertion that a challenge to the constitutional validity of the statute that serves as a basis for his state conviction can be filed in disregard of AEDPA's one-year statute of limitations. Moreover, the Court has reviewed the R&R and agrees with the Magistrate Judge that the First Amended Petition is untimely because it was filed long after the one-year limitation period has expired. The Court also agrees with the Magistrate Judge that neither statutory nor equitable tolling is available to make the First Amended Petition timely.

## CONCLUSION

For the foregoing reasons, and based on the Court's *de novo* review of the objected to portions of the R&R, the Court: (1) **GRANTS IN PART** Petitioner's Motion for Reconsideration; (2) **ADOPTS** the Report and Recommendation; (3) **GRANTS** Respondent's Motion to Dismiss; and (4) **DENIES and DISMISSES WITH PREJUDICE** the First Amended Petition.

The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: **November 8, 2011**

*Irma E. Gonzalez*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**